IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LERNOUT & HAUSPIE SPEECH PRODUCTS N.V., | ) ) | Case No. 00-4398(JHW) |
| | ) | |
| Debtor. | ) ) | |
| | ) | |
| LERNOUT & HAUSPIE SPEECH PRODUCTS N.V., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Misc. No. 05-17-SLR Adv. No. 03-50047 |
| GOLDMAN SACHS COMPANY, | ) ) | |
| Defendant. | ) | |

**O R D E R**

At Wilmington this 2d day of March, 2005, having reviewed defendant's motion for leave to appeal interlocutory orders and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 1) is denied, for the reasons that follow:

1. **Standard of review.** A district court has the discretion to review interlocutory orders of a bankruptcy court where the district court has determined that "1) the order from which the appeal is taken involves a controlling question of law;

2) there is substantial ground for difference of opinion as to the controlling question of law; and 3) an immediate appeal may materially advance the ultimate termination of the litigation." In re Marvel Entm't group, Inc., 209 B.R. 832, 837 (D. Del. 1997).  See 28 U.S.C. § 1292(b); In re Bertoli, 812 F.2d 136, 139 (3d Cir. 1987).  I find that none of the above factors exists here.

        2.  **Factual background.**  On November 29, 2000, plaintiff filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code.  On November 27, 2002, two days before the expiration of the two-year statute of limitations, plaintiff filed a "boilerplate" complaint against defendant for the avoidance of preferential transfers and to recover property pursuant to 11 U.S.C. §§ 547 and 550.  Plaintiff alleged in its complaint, inter alia, that defendant was a creditor of plaintiff, that plaintiff made one or more transfers of an interest in its property in an aggregate amount not less than $5,068,700 directly to or for the benefit of defendant, and that the transfers were made on account of an antecedent debt.

        3.  The complaint was served on defendant in February 2003.  Defendant filed its answer on April 11, 2003.  In its answer, defendant denied the allegations and further averred that plaintiff "owed no obligation" to defendant and that any transfer to defendant "was not made on account of an antecedent debt owed"

by plaintiff to defendant.

   4. On April 7, 2004, the bankruptcy court conducted a pretrial scheduling conference and approved a schedule for the matter.  On April 23, 2004, plaintiff filed a motion for leave to file an amended complaint to assert a fraudulent transfer claim pursuant to 11 U.S.C. § 548.  Defendant opposed the motion to amend, arguing that the fraudulent transfer claim did not relate back to the time of filing of the original complaint under Fed.R.Civ.P. 15(c).

   5. The bankruptcy court heard oral argument on the motion to amend in July 2004 and granted the motion from the bench.[1]  The court reasoned that, because the preference claim and the fraudulent transfer claim arose from the same operative facts and supported the same type of relief, the relation back requirements of Rule 15(c)(2)[2] were met.  On defendant's motion for reconsideration, the bankruptcy court considered whether it was appropriate to look beyond the four corners of the original pleading in making its determination under Rule 15(c)(2).[3]  The

---

[1] An order memorializing the ruling was issued on August 12, 2004.

[2] Rule 15(c)(2) provides that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . . ."

[3] The court had heard argument referring to the defendant's answer during the July 2004 hearing.

court concluded from the bench that the defendant's response to the original pleading was relevant to the inquiry of fair notice, but not necessary to its decision to allow the amendment. An order granting the motion for reconsideration as to this issue was executed on December 2, 2004. Defendant filed the instant motion on February 7, 2005.

6. **Analysis.** Defendant contends that the appeal "involves a matter of first impression in the Third Circuit, whether a boilerplate, cookie cutter preference complaint provides fair and adequate notice, as due process requires, that the plaintiff might seek to amend its complaint after the limitations period otherwise has expired to assert a fraudulent transfer claim that relates back to the date of the original claim." (D.I. 1 at 1-2)  I respectfully disagree. Consistent with the analysis of the bankruptcy court, this appeal involves the application of Rule 15(c)(2) to a specific set of facts, and involves a matter taken up by courts routinely.

7. Moreover, having reviewed the case law cited by the parties, as well as the case law annotated in 6A Charles Alan Wright & Arthur Miller, <u>Federal Practice and Procedure</u> § 1497 (1990 & Supp. 2004)("Wright & Miller"), defendant's reliance on the issue of "fair notice" is less than compelling. Defendant correctly recites the passage from Wright & Miller that, "although not expressly mentioned in the rule, the courts also

inquire into whether the opposing party has been put on notice regarding the claim or defense raised by the amended pleading." Id.  The text goes on:  "Only if the original pleading has performed that function, **which typically will be the case if the letter of the test set forth in Rule 15(c) is satisfied**, will the amendment be allowed to relate back to prevent the running of the limitations period in the interim from barring the claim or defense."  Id. at 1-2. (emphasis added).  Contrary to defendant's contentions, a review of the legion of cases discussed thereafter supports the principle that Rule 15(c) is to be applied liberally and is informed by "functional concepts phrased in terms of the underlying conduct, transaction, or occurrence that provides the background of the dispute.  The fact that an amendment changes the legal theory on which the action initially was brought is of no consequence if the factual situation upon which the action depends remains the same and has been brought to defendant's attention by the original pleading."  Id. at 2-3.  The bankruptcy court in this case allowed relation back of the amended complaint on its determination that the preference claim and the fraudulent transfer claim involved the same operative facts and the same type of relief.  This determination is consistent with Rule 15(c)(2), the treatise and the case law.[4]

---

[4] I note for the record that, if the question posed is one of notice, looking to the defendant's responsive pleading makes imminent sense and is not contrary to any case law I reviewed.

8. I further conclude that there are no more substantial grounds for difference of opinion in this case than there are in any case involving the application of facts to fundamental legal precepts. And, finally, although a decision in defendant's favor on this issue would undoubtedly terminate at least one aspect of the litigation sooner rather than later, it would not terminate the litigation and, again, does not distinguish this case from most others.

9. For all of these reasons, I decline to grant the motion of defendant for leave to appeal the interlocutory orders of the bankruptcy court at issue.

_____
United States District Judge